IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Antonio Gonzalez,<br><br>                    Petitioner,<br><br>vs.<br><br>United States of America,<br><br>                    Respondent. | No. CV 05-2722-PHX-SRB(CRP)<br>CR 04-1311-PHX-SRB<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Petitioner Marco Antonio Gonzalez's *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. 28 U.S.C. § 2255. (CR Docket 26).[1] The Government has filed a Response. (CR Docket 34). Petitioner has not filed a Reply. Petitioner argues that he is entitled to relief on four bases:

1. He is entitled to a downward departure, post-conviction, pursuant to United States Sentencing Guidelines Section 5K2.19, based on his rehabilitation efforts;

2. His counsel was ineffective when he failed to seek a downward departure based on United States Sentencing Guidelines Section 5K2.20, Aberrant Behavior;

---

[1]Clerk's criminal case record number.

1      3.    His counsel was ineffective, misrepresenting the plea and misadvising Petitioner to take the plea;

    4.    The district court was unaware of its ability to depart downward based on "Fast Track" and as such Petitioner is entitled to the downward departure.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Pyle for a report and recommendation. For the following reasons, the Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the motion.

Ordinarily, a court must conduct a hearing on a motion unless it "and the files and records of the case conclusively show that the petitioner is entitled to no relief..." 28 U.S.C. § 2255. The motion, as well as the files and records, do conclusively establish that the Defendant is not entitled to relief. *See Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989). Thus, no hearing is required to rule on the present Motion.

**PROCEDURAL BACKGROUND**

On March 24, 2005, pursuant to a written plea agreement (CR Docket 23), Petitioner pled guilty to Count 2 of the Indictment, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), a Class A felony offense. The parties stipulated in the plea agreement, pursuant to Federal Rules of Criminal Procedure, Rule 11(c)(1)(C), "Defendant's sentence of imprisonment shall be 60 months." (CR Docket 23, p.2). This was the only agreement regarding sentencing.

On June 6, 2005, the Court sentenced the Defendant to a term of 60 months imprisonment on Count 2, followed by five years of supervised release. (CR Docket 22). This sentence was consistent with the terms of the plea agreement. On September 7, 2005, Petitioner filed the present § 2255 action. (CR Docket 26).

. . . . . . . . . .

. . . . . . . . . .

. . . . . . . . . .

. . . . . . . . . .

**DISCUSSION**

*Timeliness*

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a one year period of limitations from the date on which the judgment of conviction becomes final has been imposed on the filing of motions for collateral relief by prisoners in federal custody. 28 U.S.C. § 2255. The Magistrate Judge finds that the Motion was timely filed.

*Waiver*

Petitioner pled guilty. As part of his plea agreement, Petitioner made the following waiver:

> Defendant waives any and all motions, defenses, probable cause determinations, and objections which Defendant could assert to the Indictment or to the Court's entry of judgment against Defendant and imposition of sentence upon Defendant, providing the sentence is consistent with this agreement. Defendant further waives: (1) any right to appeal the Court's entry of judgment against Defendant; (2) any right to appeal the imposition of sentence upon Defendant under Title 18, United States Code, Section 3742 (sentence appeals; and (3) any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack Defendant might file challenging his conviction or sentence in this case.

(CR Docket 23 at 4). Petitioner indicated in his plea that he discussed the terms with his attorney, that he agreed to the terms and conditions, and that he entered into it voluntarily. (*Id.* at 7-9).

On March 22, 2005, the Court held a hearing and specifically addressed Petitioner's waiver:

> THE COURT: In your plea agreement you agreed to give up another right, and that is your right to appeal. On page 3 at the bottom, there's a section 4 that talks about your waiver of your appeal rights.
> When you waive your rights to appeal it means you've given up your rights to appeal to a higher court, to collaterally attack the validity of the conviction that will result from pleading guilty, any right to appeal matters pertaining to the government's prosecution of the case against you, and also your right to appeal the sentence that will be imposed so long as your sentence is consistent with the terms of your agreement.

- 3 -

>Do you understand you've agreed to give up those appeal rights as well?
>THE DEFENDANT: Yes. Yes, I agree.

(Transcript of Change of Plea[2], p.11). Petitioner also indicated that he had an opportunity to discuss the plea with his attorney and to discuss any questions that he had and that he was entering into the plea voluntarily. (*Id.* at 11-13).

Plea agreements are contractual in nature and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir.2005). For example, a waiver of appellate rights is enforceable if the language of the waiver encompasses the right to appeal on the grounds raised and the waiver is knowingly and voluntarily made. *Id.*

A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir.1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.1992) *cert. denied sub nom. Abarca-Espinoza v. United States*, 5008 U.S. 979 (1993). The only claims that cannot be waived are a claim that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. *See Pruitt*, 32 F.3d at 433 (expressing "doubt" that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular part of the plea bargain); *Abarca*, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); *See also Jeronimo*, 398 F.3d at 1156 n.4 (Summarizing *Pruitt* and *Abarca*, but declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

Grounds One and Four are challenges to the length of sentence imposed by the Court and as such were waived by Petitioner. (*See* CR Docket 23 at 3-4). Although, in Ground Two, Petitioner claims his counsel was ineffective, the assertions underlying his contention pertain to sentencing and not to voluntariness of the waiver. Thus Ground Two was also

---

[2]Included in Attachment 2 to Government's Response.

- 4 -

1 waived by Petitioner. Petitioner expressly waived issues regarding the imposition of
2 sentence and expressly waived a § 2255 action. The Court accepted his plea as voluntarily
3 made. (*See* Transcript of Change of Plea[3], p.22-3); *See United States v. Nunez*, 223 F.3d 956,
4 959 (9th Cir.2000) (waiving appeal of sentencing issues also waives the right to argue on
5 appeal that counsel was ineffective at sentencing), *cert. denied*, 534 U.S. 921(2001).

6 Ground Three asserts ineffective assistance of counsel. In it Petitioner claims that his
7 counsel misrepresented the plea and misadvised him to enter into it. Because this ground
8 asserts an ineffective assistance of counsel claim which could render the waiver involuntary,
9 it must be addressed.

10 *Ineffective Assistance of Counsel*

11 To succeed on a claim of ineffective assistance of counsel, a defendant must show that
12 (1) his counsel's performance was deficient, and (2) the deficiency prejudiced the Defendant.
13 *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *James v. Borg*, 24 F.3d 20, 26 (9th
14 Cir.1994), *cert. denied*, 513 U.S. 935 (1994). To demonstrate deficient performance,
15 Petitioner must show that his counsel's representation fell "below an objective standard of
16 reasonableness." *Strickland*, 466 U.S. at 688. Counsel is "strongly presumed to have
17 rendered adequate assistance and made all significant decisions in the exercise of reasonable
18 professional judgment." *Id.* at 689-90. To establish prejudice, Petitioner must "show that
19 there is a reasonable probability that, but for counsel's unprofessional errors, the result of the
20 proceeding would have been different." *Id.* at 694.

21 Petitioner's claim is that his counsel was ineffective because he misrepresented and
22 misadvised the Petitioner about the plea. Petitioner indicates that he was induced to take the
23 plea because his counsel advised him that he was going to receive a 60 month sentence.
24 (Petition, p. 4). However, the plea agreement does specifically state under "Agreements
25 Regarding Sentencing" that the government and the Petitioner "stipulate that the following
26 is an appropriate disposition of this case: Defendant's sentence of imprisonment shall be 60

27
28 [3]Government's Response, Attachment 2.

- 5 -

1  months." (Response, Exhibit1, p.2).  Furthermore, the Court imposed a sentence of 60
2  months as stipulated in the plea agreement. (CR Docket 22). Petitioner claims that he did not
3  receive the benefit that he bargained for and as such his plea was ill-advised. Petitioner has
4  failed to demonstrate what benefit he bargained for that he did not receive.  Petitioner also
5  has failed to demonstrate in what way his counsel's conduct fell below an objective standard
6  of reasonableness.  Furthermore, having received the sentence stipulated to in the plea,
7  Petitioner has failed to show prejudice.  As such, Petitioner's claim of ineffective assistance
8  of counsel made in Ground Three fails.

**CONCLUSION**

Petitioner has failed to demonstrate that he received ineffective assistance of counsel when he decided to enter his plea of guilty with the Court and as such Ground Three should be dismissed.  Grounds One, Two, and Four should be dismissed because Petitioner expressly waived them in his change of plea.

For the foregoing reasons, the Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order denying the Motion to Vacate, Set Aside or Correct Sentence (CR Docket 26).

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation.  If objections are not timely filed, the party's right to *de novo* review may be waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003)(*en banc*), *cert. denied*, 540 U.S. 900 (2003).  If objections are filed, the parties should direct them to the District Court by using the following case numbers: CV 05-2722-PHX-SRB; CR 04-1311-PHX-SRB.

DATED this 26th day of April, 2006.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE

- 6 -